UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JACQUELINE MOORMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-cv-1572 (RMC) |
| UNITED STATES, *et al*. | ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION

In March 2009, Jacqueline Moorman attended a computer fair at the D.C. National Guard Armory. Ms. Moorman left the fair around noon and proceeded down an exterior stairway. As she descended, one of the concrete steps crumbled beneath her. Ms. Moorman lost her balance and fell, suffering significant injuries. She sued the United States, the District of Columbia, and the Washington Convention and Sports Authority under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671, *et seq*, for negligence in maintaining the steps and warning of potential dangers. Ms. Moorman's complaint, however, must be dismissed for failing to state a claim because she has not alleged any federal action or omission as required under the FTCA.

I. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated

a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id*. Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks and citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555.  But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

## II. ANALYSIS

Ms. Moorman rests jurisdiction exclusively on the Federal Tort Claims Act.  Compl. ¶ 1. The FTCA allows an individual to sue "the United States for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the federal Government while acting in the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b)(1).  Thus, to state a claim under the FTCA, Ms. Moorman must allege an "act or omission of any employee of the federal Government . . . ." *Id.*  In seeking dismissal, the United States argues that even construing all facts in a light most favorable to Plaintiff, she fails to allege any federal Government action or omission.  Ms. Moorman does not dispute this point.  Instead, she states that she "has reason to believe the District of Columbia had responsibility for maintaining and repairing the steps . . . [and] [a]ssuming this information is true, plaintiff will voluntarily dismiss the case against the Federal Defendants."  Opp'n [Dkt. # 11].  Having failed to allege any act or omission by a federal employee, the Court lacks jurisdiction over the United States and must

dismiss it as a party to the suit. *See* 28 U.S.C. § 1346(b)(1); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Ms. Moorman's FTCA claims against the District of Columbia and the Washington Convention and Sports Authority also fail because neither is an agency of the federal Government. *See Cannon v. U.S.*, 645 F.2d 1128, 1137 (D.C. Cir. 1981) ("This court has uniformly held that the FTCA does not, as a general rule, render the United States liable for the torts of employees or agencies of the District of Columbia because the District of Columbia is an independent political entity") (citing cases). Because Ms. Moorman rests jurisdiction exclusively on the FTCA and because, under the FTCA, the Court lacks jurisdiction over each defendant, the Court will dismiss Ms. Moorman's complaint.

### III  CONCLUSION

Ms. Moorman's FTCA claim against the United States fails because she has not alleged any federal action or omission. Her claim against the other defendants fails because they are not agencies or employees of the United States. Accordingly, the Court will grant the United States' motion to dismiss [Dkt. # 9] an will dismiss the complaint. A memorializing Order accompanies this Memorandum Opinion.


Date: December 19, 2011                                      /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge